# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PAUL ANTHONY CASS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  2:16-cv-00765-MHH-SGC |
| ) | |
| LINDY M. FULLER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

The magistrate judge filed a report on November 9, 2016, recommending that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief can be granted.  (Doc. 8). After receiving an extension of time, the plaintiff, Mr. Cass, filed objections to the report and recommendation on December 16, 2016.  (Doc. 11).  Mr. Cass's claims and his objections relate to his contention that inaccuracies in the October 24, 2007, sentencing transcript in his criminal prosecution violated his rights.[1]  Mr. Cass alleges no specific injuries from the perceived inaccuracies.  (Doc. 1-1, pp. 7, 9).

A district court may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge.  28 U.S.C.  636(b)(1)(C).  A

---

[1] The criminal action was styled as *United States of America v. Paul Cass*, 1:07-cr-00035-LSC-JEO (N.D. Ala. 2007).  This court may take judicial notice of its own records.  *See United States v. Glover,* 179 F.3d 1300, 1302 n.5 (11th Cir. 1999).

district court reviews legal conclusions in a report de novo. *Garvey v. Vaughn*, 993 F.2d 776, 779 n. 9 (11th Cir. 1993); *see also LoConte v. Dugger,* 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006). When a party objects to a report in which a magistrate judge recommends dismissal of the action, a district court must make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. 636(b)(1)(B)-(C).

Mr. Cass first objects to the finding that his claims are barred by the applicable statute of limitations. (Doc. 11, p. 1). Mr. Cass argues that a motion he filed in his criminal case on November 9, 2009, seeking to inspect the trial transcripts from his criminal trial, suffices as a complaint for purposes of the statute of limitations. (*Id.*). The cases Mr. Cass cites -- *Jackson v. State of Miss.*, 644 F.2d 1142 (5th Cir. Unit A 1981), and *Schaefer v. Stack*, 641 F.2d 227 (5th Cir. 1981) -- do not provide support for this proposition. Rather, in *Jackson*, the court construed a letter sent within the requisite limitation period as a complaint and allowed the plaintiff to then file an amended complaint. *Jackson*, 644 F.2d at 1144. In *Schaefer*, after the district court determined the plaintiff's claims were barred by the Florida statute of limitations applicable to 42 U.S.C. § 1983 claims, the plaintiff appealed. *Schaefer*, 641 F.2d at 228. The appellate court considered the plaintiff's arguments regarding the timeliness of his claims and then affirmed

the district court's finding. *Id.* Neither of these cases suggests that the motion that Mr. Cass filed in his federal criminal case in 2009 is an adequate substitute for a civil complaint relating to alleged conduct in 2007 and 2008 or, at a minimum, that the 2009 criminal motion tolls the statute of limitations for the FTCA breach of fiduciary duty claims or the *Bivens* claim for alleged constitutional violations that Mr. Cass pleaded in his civil complaint in April 2016.

Mr. Cass also argues that some of the conduct that forms the basis of his breach of duty theories against Ms. Fuller and Mr. Musso occurred more recently. (Doc. 11, pp. 1–2). To the extent that Mr. Cass alleges conduct in the two years preceding the filing of his April 2016 complaint that would form the basis for a breach of fiduciary duty claim against either defendant (*see* Doc. 1-1, ¶¶ 28–34), Mr. Cass's breach of fiduciary claim is not barred by the statute of limitations; however, the balance of his claims are time-barred.

The magistrate judge concluded that even if Mr. Cass's breach of fiduciary duty claims were not time-barred, the Court still should dismiss those claims because Mr. Cass failed to state a claim upon which relief could be granted. (Doc. 8, pp. 10–12). Mr. Cass objects to this finding and argues that his breach of fiduciary duty allegations against Ms. Fuller and Mr. Musso, construed liberally in the context of this *pro se* action, are adequate. (Doc. 11, pp. 2–3).

The liberal construction due *pro se* plaintiffs does not require a court to allow claims which are contrary to established legal precedent to proceed.[2]  Mr. Cass contends that between April 2104 and April 2016, Ms. Fuller and Mr. Musso owed him certain duties and violated those duties when the defendants "failed in their duty to answer and stayed silent to the allegations" in a complaint that Mr. Cass filed in June 2014 and "defendants Musso and Fuller failed to provide the name and telephone numbers of their bonding companies" to Mr. Cass.  (Doc. 1-1, ¶¶ 28–34; *see also* Doc. 1-1, ¶ 26).  The existence of a duty is a question of law for a court to resolve.  As the magistrate judge explained, Mr. Cass has not alleged facts that give rise to a duty that either Ms. Fuller or Mr. Musso might owe him.  Neither Ms. Fuller nor Mr. Musso had an obligation to respond to the complaint that Mr. Cass filed in June 2014 because that complaint was not directed to either defendant, and neither Ms. Fuller nor Mr. Musso had an obligation to respond to Mr. Cass's request for bonding company information.  As the magistrate judge

---

[2] The liberal construction due *pro se* pleadings requires that the court hold such pleadings to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  A court may not dismiss a *pro se* complaint unless it appears that a plaintiff can establish no set of facts which would entitle him to relief. *Estelle v. Gamble*, 429 U.S. 97, 106 (1979).  Still, *pro se* plaintiffs are subject to "the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  The leeway that a court must provide to a *pro se* plaintiff "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Farkas v. SunTrust Mortg., Inc.*, 447 Fed. Appx. 972, 973 (11th Cir. 2011) (citations omitted).

stated, absent a relationship that gives rise to a duty, a plaintiff may not pursue a claim for breach of duty. Therefore, the Court overrules this objection.

The plaintiff's next objection states: "The Magistrate judge fails to address the plaintiff's claim for injunctive relief and such failure to rule on the merits of this claim violates due process and a fair screening procedure." (Doc. 11, p. 3). Because Mr. Cass presented no viable claim, the magistrate judge had no obligation to discuss the types of relief available to Mr. Cass. Additionally, Mr. Cass's claims provide no basis to enjoin the defendants. Because there is no risk that Ms. Fuller or Mr. Musso will violate Mr. Cass's rights in the future, injunctive relief is inappropriate. *See, e.g.*, *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (to warrant injunctive relief, the party must demonstrate a substantial likelihood of irreparable injury, which is "neither remote nor speculative, but actual and imminent"); *Badillo v. Thorpe*, 158 Fed. Appx. 208, 211 (11th Cir. 2005) ("Because [plaintiff] does not allege that he faces an immediate threat that [defendants] will again violate his rights, we discern no error in the district court's denial of injunctive relief."). Because the failure to address the plaintiff's claim for injunctive relief was not erroneous, the Court overrules this objection.

Finally, Mr. Cass asserts he should have been allowed an opportunity to amend his complaint. (Doc. 11, p. 3). "When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should

5

give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it." *Watkins v. Hudson*, 560 Fed. Appx. 908, 911 (11th Cir. 2014) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc)). But a district court has no obligation to give a *pro se* prisoner an opportunity to amend his complaint when an amendment would be futile. *Simmons v. Edmondson*, 225 Fed. Appx. 787, 788–89 (11th Cir. 2007) (citing *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999)). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Because Mr. Cass's claims are barred by the relevant statutes of limitation, fail to state claims upon which relief may be granted, and seek relief not available in this action, an amendment to the complaint would be futile.

Mr. Cass cites other circuits' procedures for determining whether *pro se* complaints are frivolous. (Doc. 11, p. 3). This Court is bound by the Eleventh Circuit's rules for reviewing *pro se* prisoner complaints pursuant to 28 U.S.C. §§ 1915A and 1915(e).[3] The Eleventh Circuit requires that a plaintiff demonstrate

---

[3] The difference between these statutes is that § 1915A applies solely to prisoner actions, whereas § 1915(e) applies to all cases proceeding *in forma pauperis*. *See* 28 U.S.C. §§ 1915(e) and 1915A. Because this action was removed from state court, the plaintiff is not proceeding *in*

that conduct taken under color of law violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. *See e.g., Griffin v. City of Opa-Locka,* 261 F.3d 1295, 1303 (11th Cir. 2001). The complaint must demonstrate that the facts as pled state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically,

> [u]nder § 1915A, the district court must review a prisoner's [civil] complaint "before docketing, if feasible, or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The district court must "identify cognizable claims," *id.* § 1915A(b), and dismiss any portion of the complaint that [] is "frivolous, malicious, or fails to state a claim upon which relief can be granted." *Id.* § 1915A(b)(1). A prisoner ordinarily must be given an opportunity to amend his complaint. *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) ("Nothing in the language of the [Prison Litigation Reform Act ("PLRA")] repeals Rule 15(a)."). However, if the amendment would be futile, the district court may deny leave to amend. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

*Dollar v. Coweta County Sheriff Office*, 446 Fed. Appx. 248, 250–51 (11th Cir. 2011). Because an amendment to Mr. Cass's complaint would be futile, the Court overrules this objection.

Having carefully reviewed and considered *de novo* the materials in the court file, including the report and recommendation and Mr. Cass's objections to the

---

*forma pauperis* here. However, the review mandated by § 1915A still applies because of the plaintiff's status as a prisoner. Review under either statute is guided by the standards used for Rule 12(b)(6), Federal Rules of Civil Procedure. *Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001); *Jemison v. Mitchell*, 380 Fed. Appx. 904, 906 (11th Cir. 2010). Under Rule 12(b)(6), a district court views all allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *McKissick v. Comm'r, GA Dep't of Corrs.,* 587 Fed. Appx. 567, 573 (11th Cir. 2014) (citing *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008)). The magistrate judge correctly applied this standard in her report and recommendation.

report, the Court accepts the magistrate judge's recommendation. By separate order, the Court will dismiss this action.

      **DONE** and **ORDERED** this January 26, 2017.

                                            _____
                                            **MADELINE HUGHES HAIKALA**
                                            UNITED STATES DISTRICT JUDGE